FILED
ASHEVILLE, N. C.

OCT 0 4 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 2:05mj213 |
| | ) | |
| v. | ) | PLEA AGREEMENT |
| | ) | |
| HIGHLANDS REALTY GROUP, LLC | ) | |

NOW COMES the UNITED STATES OF AMERICA, by and through Gretchen C. F. Shappert, United States Attorney for the Western District of North Carolina, and the defendant, HIGHLANDS REALTY GROUP, LLC, in person and through counsel, William H. Coward, Esq., and respectfully inform the Court that they have reached the following agreement:

### I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Count One as set forth in the Bill of information, and admits to being in fact guilty as charged in County One.

### II. Sentence

2. The defendant is aware that the statutory minimum and maximum sentences for Count One is as follows:

    A $5,000 fine, 6 months imprisonment, or both and a $10.00 special assessment.

3. The defendant is aware that the United States Sentencing Guidelines [U.S.S.G] are not applicable to petty offenses and that sentencing is within the discretion of the presiding judge.

4. With regard to sentencing, the defendant and the United States **stipulate and agree to the following recommendations:**

    **Fine:**           $5,000.00
    **Restitution:**
        **Personnel Costs**   $4194.20
        **Contract Survey**   $1,845.00
        **Replanting** of mature nursery specimens at defendant's own expense with the following requirements:
        A. a mixture of red oak and white oaks at a ratio of 50/50. If the nursery cannot provide a 50/50 mix this ratio may be adjusted after consultation with and approval of Forest Service representatives.
        B. Trees to be three (3) inch diameter planting stock or as close as is available subject to the approval of Forest Service representatives.

C. The number of trees shall be sufficient to provide 27 X 27 foot spacing between the planted trees over the entire area of damage.
D. Planting to occur in late winter or early spring 2006
E. Defendant shall provide notice to the U.S. Forest Service officials of precisely when the reforestation project will take place and shall continue to grant the U.S. Forest Service access through defendant's development for the purposes of inspection of the reforestation project as well as access beyond the planting so that the U.S. Forest Service may monitor the health of the reforestation.
F. Defendant shall contract for both the trees and the labor to install such trees and supervise such operation. The U.S. Forest Service will serve only in an advisory capacity as to the proper planting and a U.S. Forest Service employee shall be on site during such replanting.

### III. Procedure

5. The defendant agrees that a duly-qualified federal Magistrate Judge may preside over this matter and impose sentence.

### IV. Waivers

6. The defendant understands and agrees that if he should fail to specifically perform or to fulfill completely each and every one of his obligations under this Plea Agreement, then the United States will be relieved of its obligations under the agreement, but the defendant will not be allowed to withdraw his guilty plea.

7. The defendant understands and agrees that by pleading guilty, he is expressly waiving the following rights:

   a. to be tried by a jury.
   b. to be assisted by an attorney at trial
   c. to confront and cross-examine witnesses; and,
   d. not to be compelled to incriminate himself.

8. Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into the plea agreement.

Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for : (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct.

Also, in exchange for the concessions made by the United States, defendant agrees that

the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. § 3742(b), while the defendant waives all rights to appeal or collaterally attack the sentence of conviction with the two exceptions set forth above. This agreement does not limit the United States in its comments to or responses to any post-conviction matters.

9. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## IV. Conclusion

10. The defendant understands that if he breaches this Plea Agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial or pre sentence, or post-sentence release, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea. The United States will be free to proceed on any properly filed dismissed, pending, superseding, or additional charges.

11. There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all parties.

SO AGREED

GRETCHEN C. F. SHAPPERT, UNITED STATES ATTORNEY

_____  DATED: 10.3.5.
COREY F. ELLIS, Assistant United States Attorney

_____  DATED: 9/30/5
WILLIAM H. COWARD, Attorney for Defendant

_____  DATED: 9/28/05
HIGHLANDS REALTY GROUP, LLC, Defendant